UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CIV-60377-SMITH

CHARLES ACKLEY,

    Plaintiffs,
v.

CONTINENTAL CASUALTY COMPANY,

    Defendant.
_____/

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE VALLE

This matter is before the Court upon the Magistrate Judge Valle's Report and Recommendation [DE 86] on two Motions to Compel by Plaintiff. Plaintiff's Objections [DE 88] and Defendant's response to the Plaintiff's Objections [DE 97]. For the reasons stated herein, the Court adopts Magistrate Judge Valle's Report and Recommendation.

Plaintiff's objections to Magistrate Judge Valle's Report and Recommendation are two-fold. First, Plaintiff asserts that Magistrate Judge Valle's Order at issue is erroneous and contrary to law as applied because Magistrate Judge Valle did not conduct an in-camera review of contested documents. Second Plaintiff asserts that Magistrate Judge Valle erred in not addressing whether Defendant waived privilege through voluntary/selective disclosure to third parties.

As to Plaintiff's first objection, regarding the necessity of an in-camera review, Magistrate Judge Valle in her Report and Recommendation, clearly instructed the parties that her rulings on the issue of attorney-client privilege were "global rulings" and merely gave examples of documents that should be produced, given the law. (DE 86, Hr'g Tr. 70:24–70:4.) Magistrate Judge Valle correctly outlined the law and noted that the proper inquiry for a corporation's attorney-client privilege "is whether, A, the communication would not have been

made but for the contemplation of legal services and, B, whether the content of the communication relates to the legal services being rendered." (*Id*. 64:4—65:5.) (citing *Arlen House East Condo. Ass'n v. QBE Ins. (Eur.) Ltd*., No. 07-23199-CIV, 2008 U.S. Dist. LEXIS 131060 at * 3 (S.D. Fla. August 20, 2008). Magistrate Judge Valle then instructed the parties to review the production that was already completed to comply with her instructions in this regard. This application of the law was not induced by an erroneous view of the law and therefore is not clearly erroneous. The Court also notes that neither party objected to this application of the law. To the contrary, Plaintiff's counsel outlined this approach:

> MR. BENRUBI: We thought the best way to go about this, and I have seen it done this way before, is to do it categorically and get some legal rulings and then counsel and I can go through the privilege log and match up the documents consistent with your rulings.
>
> THE COURT: Mr. Benrubi, that is exactly what I'm hoping to do. Let's just hope I'm successful at the end of the hearing because that is exactly how I envision this going.

(DE 86, Hr'g Tr. 20:11–15.)  So, to the extent there was an error, Plaintiff invited the error. And, when a party "invites an error [they] cannot complain when its invitation is accepted." *Pensacola Motor Sales, Inc. v. Eastern Shore Toyota, LLC*, 684 F.3d 1211, 1231 (11th Cir. 2012). Plaintiff's objections as to Magistrate Judge Valle's global rulings are overruled.

As to Plaintiff's second objection that Magistrate Judge Valle did not address the waiver issue in her ruling—the Court overrules Plaintiff's objection. Plaintiff argues that Defendant waived its privilege as to all attorney-client communications due to alleged selective disclosure. In this regard, Magistrate Judge Valle clearly noted that "all, communications by the defendants' attorney to third parties are not attorney-client protected and must be produced" and specifically mentioned that "communications that are not attorney-client protected include defendants' communications with plaintiff or his representatives." (DE 86 Hr'g Tr.  71:8—23.)

This was the very subject of Plaintiff's eventual request: "Your Honor, did you address voluntary disclosure to third parties?" (*Id.* at p. 75 ¶ 8-9.)

Magistrate Judge Valle then clarified that Defendant had not otherwise waived its attorney-client privilege. (DE 100.) And to this point, courts have recognized that privilege is preserved unless there is a clear, non-compelled, intent to the contrary. *See First Union Nat. Bank of Fla. v. Whitener*, 715 So. 2d 979, 984 (Fla. 5th DCA 1998), *see also Prieto v. Union Am. Ins. Co.*, 673 So. 2d 521, 523 (Fla. 3d DCA 1996) (finding that limited disclosures paired with unequivocal assertions of privileged were sufficient to prevent waiver). Moreover, a discrete waiver does not apply to all communications between Plaintiff and his attorney's; rather, waiver of privilege as to discrete materials is limited to the discrete material itself. *S.H.Y. v. P.G.*, 320 So. 3d 797, 802 (Fla. 2d DCA 2021). Plaintiff's objection regarding Defendant's waiver of privilege is overruled. Defendant maintained its assertion of privilege.

Accordingly, it is

**ORDERED** that

1. Plaintiff's Objections to the Report and Recommendation of Magistrate Judge Valle [88] are **OVERRULED**.

2. The Report and Recommendation of Magistrate Judge Valle [168] is **AFFIRMED**.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 5th day of August, 2025.

RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc: counsel of record